# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. DENNIS SHOLLER, Defendant. | Case No. 17-cr-0181-SI **FINAL PRETRIAL SCHEDULING ORDER** |

On June 5, 2018, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning June 18, 2018. All parties were represented by counsel. The following matters were resolved:

**1. Trial schedule:** The parties expect that the case will take 3-4 days to complete witness testimony. The Court hears jury trials Monday through Thursday, although deliberating juries may deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate.

**2. Number of jurors and challenges:** There will be a jury of twelve members, plus two alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

**3. Voir dire:** The parties have prepared a questionnaire, which will be presented to

and completed by the potential jurors on Friday, June 15, 2018, at 9:00 a.m. The parties shall provide 65 blank questionnaires to the jury office on Thursday, June 14, 2018. The completed questionnaires will be retrieved Friday morning and copied; copies will be provided to counsel and the Court. If counsel agree on any challenges for cause based on the questionnaires alone, they may submit same to the Court before 4 pm on Friday, June 15, 2018; if the Court concurs, the challenged jurors will be notified that they need not attend trial.

**4. Jury instructions:** The Court received proposed jury instructions from the government and from defendant. The Court will review same and undertake to inform counsel prior to closing argument which substantive instructions will be given.

**5. Trial exhibits:** No later than Friday, June 15, 2018, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit, or in boxes for voluminous exhibits. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses) and the defendant with one set.

**6. Motions in limine:** The government and defendant each filed eight motions in limine. Dkt. Nos. 54, 55, 56. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

Motions re: Discovery Requirements (Dkt. No. 56, Government Motion in Limine F; Dkt. No. 54, Defense Motion in Limine No. 1)[1]: The parties state that they have complied with their discovery obligations at this time. Accordingly, the parties' motions are DENIED as moot, without prejudice to renewal should additional discovery concerns arise.

Motions re: Prior Conviction (Government Motion in Limine A; Defense Motion in

---

[1] The Court addresses defendant's motions in limine according to the cover page of his motion, Dkt. No. 54, rather than the numbering in the headers of his brief.

2

Limine No. 2): The government seeks to introduce a certificate of conviction for defendant's 1982 felony conviction for indecency with a child. The conviction stems from his molestation (which defendant appears to dispute) of his then five-year-old daughter. Defendant seeks to exclude evidence of this conviction under Federal Rules of Evidence 403, 404(b), 413, and 609.

The Court questions whether Federal Rule of Evidence 413 applies here. That Rule governs criminal cases "in which a defendant is accused of a sexual assault . . . ." Fed. R. Evid. 413(a). Here, the parties agree that a conviction under 18 U.S.C. § 2422(b) does not require the defendant have actually attempted to have sex with a minor; rather, he faces trial for knowingly attempting to *persuade, induce, entice, or coerce* a minor to engage in sexual activity. *See* 18 U.S.C. § 2422(b).

However, even if Rule 413 did apply, the Court finds the certificate of conviction should be excluded under Rule 403. The Ninth Circuit has "emphasize[d] that evidence of a defendant's prior sex crimes will always present the possibility of extreme prejudice, and that district courts must accordingly conduct the Rule 403 balancing inquiry in a careful, conscientious manner that allows for meaningful appellate review of their decisions." *United States v. LeMay*, 260 F.3d 1018, 1031 (9th Cir. 2001) (analyzing Rule 414, regarding admission of similar crimes in child-molestation cases); *see also United States v. Birdsbill*, 97 Fed. App'x 721, 723 (9th Cir. 2004) (applying *LeMay* to case involving introduction of prior sexual assault under Rule 413).

Factors for the district court to consider when weighing whether to admit evidence of a prior sexual assault under Rule 413 include:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*LeMay*, 260 F.3d at 1027-28 (citing *Doe v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) (internal quotation marks and citations omitted)).

Weighing these factors, the probative value of defendant's prior conviction is substantially outweighed by the danger of unfair prejudice. The conviction for molestation of his five-year-old daughter is not similar to the act currently charged, which involves the online solicitation of a 14-

3

1  year-old girl unrelated to defendant. The prior conviction occurred 35 years ago, and the government has not sought to introduce evidence of any other sexual assault or child molestation. The government has not presented any evidence to show that the frequency of the prior acts weighs in favor of admission here. Finally, based on the information currently before the Court, this is not a case which the evidence is needed at trial because of the lack of other evidence. The government has other evidence available, including defendant's own explicit sexual messages and nude photos sent to "Briana" to support its argument that defendant had the requisite intent. It is unclear what help a "certificate of conviction" would be to this case except to prejudice the jury against defendant. This is particularly so because the crime with which defendant is charged does not require that the government prove he intended to commit an underlying sexual act with "Briana." *See United States v. Goetzke*, 494 F.3d 1231, 1234-36 (9th Cir. 2007) (distinguishing between an attempt "to *persuade induce, entice, or coerce* [the minor] to engage in sexual activity with [the defendant]" as opposed to an attempt "to *engage* in sexual activity with [the minor].").

Accordingly, the government's motion is DENIED, without prejudice to renewal at the time of trial. The defendant's motion is preliminarily GRANTED.

Defendant's Motion to Exclude Witnesses Not Designated as Case Agent (Defense Motion in Limine No. 3): GRANTED, to the extent defendant seeks to exclude witnesses not designated as case agent; DENIED, to the extent defendant requests an order that the government's case agent must testify first. As discussed at the pretrial conference, defendant may designate its investigator as case agent and that case agent may also sit in on the trial proceedings.

Defendant's Motion for Production of Grand Jury Transcripts (Defense Motion in Limine No. 4): DENIED as moot.

Motions re: Expert Witnesses (Dkt. No. 55, Government Motion in Limine re Dr. Klein; Defense Motion in Limine No. 5): Defendant's motion is DENIED as moot. The government has stated that it does not intend to call an expert witness in its case-in-chief.

4

The government separately moves for an order excluding the testimony of defendant's proposed expert witness, Dr. Marty Klein. The Court disagrees with the government that defendant's disclosure does not satisfy the notice requirements of Federal Rule of Criminal Procedure 16(b)(1)(C). *See United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002). Nevertheless, the Court finds that a *Daubert* hearing is appropriate. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). As discussed at the pretrial conference, Dr. Klein shall be prepared to explain the basis for his opinions regarding "fantasy chat," including what, if any, materials he has studied, reviewed, or analyzed that qualifies him to opine on this topic. The parties agree that Dr. Klein will not opine on defendant's intent in this case.

Accordingly, the government's motion is GRANTED IN PART, to the extent the government requests a *Daubert* hearing. The hearing is currently scheduled for 1:30 pm on Friday, June 15, 2018.

Motions re: Nude Photographs of Defendant (Government Motion in Limine B; Defense Motion in Limine No. 6): The government's motion is GRANTED IN PART; defendant's motion is DENIED. The Court will not exclude the nude photographs that defendant sent to "Briana" but will allow redacted versions, redacting defendant's genitals, to go to the jury. Defendant indicated at the pretrial conference that he is amenable to this approach.

Defendant's Motion to Order Government Witnesses as Under Defense Subpoena (Defense Motion in Limine No. 7): GRANTED, with the limitation that if defendant wants to recall a witness who has already testified, the defense should tell the government before the witness gets off the stand and explain why the defense cannot examine the witness at that time.

Defendant's Motion to Exclude Testimony re: Nazi Paraphernalia (Defense Motion in Limine No. 8): GRANTED. The government has stated that it does not plan to introduce such evidence.

1  Government's Motion to Exclude Defendant's Prior Statements (Government Motion in Limine C): DENIED, without prejudice to renewal at the time of trial.

Government's Motion to Exclude Reference to Intent to Actually Engage in Sexual Activity or to Impossibility to Engage in Sexual Activity with "Briana" (Government Motion in Limine D): GRANTED, to the extent the government seeks an order barring defendant from arguing that it was impossible for him to engage in sexual activity with "Briana" because Briana was fictional. The motion is further GRANTED to the extent the government seeks to preclude defendant's expert witness from opining about defendant's intent to actually engage in sexual activity in this case. Defendant has stated that he will not make such arguments at trial. The balance of the motion is DENIED, without prejudice to renewal at the time of trial.

Government's Motion to Exclude Reference to Sentencing or Punishment (Government Motion in Limine E): GRANTED. Defendant has stated that he will not make such argument at trial.

Government's Motion to Exclude Presentation of Unnoticed Affirmative or Legal Defenses (Government Motion in Limine G): DENIED, without prejudice to renewal at the time of trial.

Dated: June 6, 2018

_____
SUSAN ILLSTON
United States District Judge